UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROMALLIC DYNEL NASH #96256**                                  **CIVIL ACTION**

**VERSUS**                                                             **NO. 20-717**

**LT. TROY BOQUET, ET AL.**                                      **SECTION: "M"(3)**

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Romallic Dynel Nash, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. He named the following defendants: Troy Boquet; Justine Leblanc; Ronnie Forest; and Kenyada Douglas. In this lawsuit, plaintiff claims that his federal constitutional rights were violated in connection with his arrest on August 25, 2019.

Plaintiff filed this civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[1] the undersigned recommends that plaintiff's federal civil rights claims against Kenyada Douglas be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

In the complaint, plaintiff alleges that Douglas instigated plaintiff's arrest by calling the police "because he was mad and trying to create a problem for Mr. Nash."[2] However, even if that allegation is true, it is insufficient to state a cognizable claim against Douglas under 42 U.S.C. § 1983.

In pertinent part, that statute provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983 (emphasis added). Therefore:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) *that the deprivation was caused by a person or persons acting under color of state law.*

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[2] Rec. Doc. 4, p. 4.

2

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added; quotation marks omitted).

In the instant case, Douglas was not a state actor – he was merely a private citizen who made the police report which ultimately led to plaintiff's arrest. However, as the United States Fifth Circuit Court of Appeal has explained:

> A private party does not act under color of state law when [he] merely elicits but does not join in an exercise of official state authority. Police reliance in making an arrest on information given by a private party does not make the private party a state actor. The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action.

Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) (citation, footnote, quotation marks, and brackets omitted); accord Jennings v. Joshua Independent School District, 877 F.2d 313, 319 (1989) ("[T]he furnishing of information by a private party to a police officer who then acts on his own initiative is not action taken under color of state law."); Sims v. Jefferson Downs Racing Association, 778 F.2d 1068, 1078-79 (5th Cir. 1985). Accordingly, plaintiff's claims against Douglas should be dismissed.[3]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Kenyada Douglas be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[3] However, the claims against the remaining defendants should be allowed to proceed pending further development.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this __26th__ day of March, 2020.

                                          **DANA M. DOUGLAS**
                                          **UNITED STATES MAGISTRATE JUDGE**